IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00649-BNB

MUSTAPHA D.R. TORAIN,

      Plaintiff,

v.

SHERIFF DEPUTY GONZALES,
SHERIFF DEPUTY ANGERS,
SHERIFF DEPUTY HARRIS, and
SHERIFF SGT. GIOSO,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

      Plaintiff, Mustapha D.R. Torain, is an inmate at the Denver County Jail in Denver, Colorado.  Mr. Torain initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1).  The court must construe the Prisoner Complaint liberally because Mr. Torain is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Torain will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

      The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient.  For one thing, although Mr. Torain lists four Defendants in the caption of the Prisoner Complaint, he lists only three Defendants in Section A of the Prisoner Complaint, the section that describes the parties to the action and that includes

space to provide an address for each party.  Mr. Torain is advised that he must provide a complete address for each named Defendant so that all Defendants may be served properly.

The court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Torain fails to provide a short and plain statement of his claims showing that he is entitled to relief.  In particular, he fails to identify which Defendant or Defendants he is suing with respect to each asserted claim, he fails to allege clearly and concisely what each Defendant did that allegedly violated his rights, and he fails to identify the

specific legal right allegedly violated with respect to each claim.  Mr. Torain also fails to specify the relief he is seeking in this action.

For these reasons, Mr. Torain will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Torain "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the court notes that Mr. Torain improperly asserts his claims in the Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  "Under *Bivens*, an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority*."  *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis in original). Because the only Defendants in the Prisoner Complaint are sheriff's deputies at the Denver Court Jail, it appears that any federal claims Mr. Torain may be asserting against them properly are asserted pursuant to 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter

3

state actors from using the badge of their authority to deprive individuals of their

federally guaranteed rights and to provide relief to victims if such deterrence fails.").

Accordingly, it is

ORDERED that Mr. Torain file, **within thirty (30) days from the date of this**

**order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Torain shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Torain fails to file an amended complaint that

complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED March 15, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge